UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PST INNOVATIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> AAOLU, *et al.* <br><br> Defendants. | 2:25-CV-00377-CCW |

**OPINION AND ORDER**

Before the Court is Plaintiff PST Innovations, LLC's ("PSTI") Motion for Default Judgment and Permanent Injunction (the "Motion") as to the Defendants set forth in Schedule A to PSTI's Proposed Order (collectively, the "Schedule A Defendants").[1] ECF No. 43. For the reasons that follow, PSTI's Motion will be DENIED.

**I.   Background**

This case arises from PSTI's allegation that the Schedule A Defendants have infringed and continue to infringe on PSTI's patented design for an open-eye sewing needle, United States Patent No. 8,151,720. ECF No. 6. At the outset of this case, PSTI moved for an order authorizing alternative service of the Schedule A Defendants by email and website publication pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure. *See* ECF Nos. 9, 10. The Court issued an Order granting that motion in part and denying it in part (the "Alternative Service Order"). ECF No. 19. Specifically, the Court authorized service by email and website publication under Rule 4(f)(3) unless "Plaintiff ha[d] reason to believe a Defendant reside[d] in a country that ha[d]

---

[1] The Defendants against whom PSTI seeks default judgment are set forth in Schedule A to the Proposed Order PSTI submitted with its Motion. *See* ECF No. 43-1 at 11–16. None of the Schedule A Defendants have appeared in this case.

objected to Article 10 of the Hague Service Convention." *Id.* If a Defendant resided in a country that objected to Article 10 of the Hague Convention, PSTI was required to "comply with Federal Rule of Civil Procedure 4(f)(1) or 4(f)(2) in effecting service of process on that Defendant." *Id.* After the Court issued the Alternative Service Order, PSTI filed proof of service stating that its counsel "electronically published the Complaint, TRO, Summons, and other relevant documents on a website and sent an e-mail to the available e-mail addresses for each Defendant." ECF No. 27; *see also* ECF No. 27-2 ¶ 4 (confirming service by email and website publication). Based on that proof of service, PSTI requested entry of default as against the Schedule A Defendants because they failed to appear and respond to the Complaint. ECF No. 35. The Clerk of Court entered default as to the Schedule A Defendants on May 5, 2025. ECF No. 37. Shortly thereafter, PSTI filed the instant Motion seeking entry of default judgment against the Schedule A Defendants. ECF No. 43.

## II.     Standard of Review

Before entering a default judgment, a court must "(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015). Once these conditions have been satisfied, the decision to grant default judgment rests primarily in the discretion of the district court. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). Three factors guide courts in the exercise of that discretion: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). Courts must treat as true

all factual allegations of the complaint, except those relating to the amount of damages. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

### III. Discussion

#### A. PSTI Has Not Established That the Schedule A Defendants Were Properly Served

The Court will deny PSTI's Motion because PSTI has not established that the Schedule A Defendants were properly served.[2]  Before a Court may enter a default judgment, it must confirm that service was proper. *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, No. CIV. 11-7137 JBS KMW, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012); *see Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985) ("A default judgment entered when there has been no proper service of the complaint is, *a fortiori*, void, and should be set aside."). Here, the Schedule A Defendants reside in "foreign jurisdictions" including the "People's Republic of China." ECF No. 6 ¶ 14. Rules 4(h)(2) and 4(f) of the Federal Rules of Civil Procedure together provide three avenues for effecting service on defendants residing outside the United States. *D Squared Plant Traps LLC v. Guangdong Bixing Trading Co., LTD.*, 716 F. Supp. 3d 352, 355 (W.D. Pa. 2024) (Conti, J). Specifically, Rule 4(f) allows for service on foreign defendants in the following ways:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

---

[2] Although the Court's decision is based on improper service, the Court notes that it has expressed additional concerns regarding the propriety of joinder and existence of personal jurisdiction over the Schedule A Defendants. Those concerns prompted the Court to require PSTI to submit supplemental briefing on personal jurisdiction and show cause why all but the first-named Defendant in this case should not be dismissed for misjoinder. ECF No. 49. PSTI responded to the Court's order to show cause and submitted the required briefing on personal jurisdiction. ECF Nos. 53, 54. In both of its filings, PSTI cited to unanswered requests for admissions as additional evidence supporting the propriety of joinder and existence of personal jurisdiction. *Id.* However, PSTI noted that the Schedule A Defendants still had time to respond to those requests for admission, and to date PSTI has not confirmed whether or not it received such responses. *Id.* While the Court does not reach the issues of joinder and personal jurisdiction today, it notes that any future motion for entry of default judgment must fully address those issues.

>  (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
> > (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
> >
> > (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
> >
> > (C) unless prohibited by the foreign country's law, by:
> > > (i) delivering a copy of the summons and of the complaint to the individual personally; or
> > > (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

The only substantive mention of service in PSTI's Motion is the assertion that the Schedule A Defendants "have been properly served pursuant to Fed. R. Civ. P. 4." ECF No. 44 at 1. But that is not the case because, as the Motion makes clear, the Schedule A Defendants are residents of China.[3] *See* ECF No. 44 at 12 ("As explained, previously, Defendants and any assets they own . . . are presumably located in China."). And China has objected to Article 10 of the Hague Convention. *See D Squared Plant Traps*, 716 F. Supp. 3d at 356–57. Thus, PSTI's service on the Schedule A Defendants by email and website publication was ineffective because the Alternative Service Order did not authorize service by those means for any Defendants residing in countries that objected to Article 10. *See* ECF No. 19. And PSTI has not explained, nor can the Court discern from the record, whether or how PSTI complied with Rules 4(f)(1) or (f)(2) in effecting service on the Schedule A Defendants. Accordingly, PSTI's Motion for Entry of Default Judgment as against the Schedule A Defendants must be denied. *See Gold Kist*, 756 F.2d at 19.

---

[3] The Complaint and the materials submitted in support of PSTI's motion for alternative service similarly aver that the Schedule A Defendants predominantly reside in China. *See* ECF No. 6 ¶ 14 ("Defendants are individuals and business entities who, upon information and belief, reside and/or operate the Seller IDs in the People's Republic of China and other foreign jurisdictions."); ECF No. 12 ¶ 13 ("Upon information and belief Defendants are almost all residents of China or other foreign jurisdictions.").

## IV. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that PSTI's Motion for Default Judgment, ECF No. 43, is DENIED without prejudice to PSTI re-filing such motion after effectuating service on the Schedule A Defendants. IT IS FURTHER ORDERED that the Clerk of Court is directed to set aside the entry of default against the Schedule A Defendants that appears at ECF No. 37. IT IS FURTHER ORDERED that on or before September 3, 2025, PSTI shall file a either a notice of voluntary dismissal or status report regarding its efforts to serve the Schedule A Defendants.

DATED this 13th day of August, 2025.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record